John H. Pennock, J.
This is a proceeding initiated by the petitioner by show cause order dated September 8, 1971 and returnable before a Special Term held in and for Rensselaer County on September 17, 1971 which requests this court to determine and adjudge that a petition filed with the City Clerk of the City of Troy on May 24, 1971 and a petition filed with the City Clerk of the City of Troy on August 5, 1971 seeking proposed amendments to section 3.08 and 7.40 of the City Charter of the City of Troy and the budget of the City of Troy be submitted to the electors of the City of Troy at the next general election for approval is invalid. The petition prays for an order restraining the respondents from proceeding in any manner in respect to the matter. The show cause order did not grant any restraint.
The petition seeks relief. The relief is in the nature of prohibition, certiorari and injunction all as provided in article 78 of the CPLR.
The initial question is thus raised as to whether this court has any statutory authority to entertain this petition. The petitioner’s counsel cited the Matter of Cassese v. City Cleric of City of N. Y. (18 N Y 2d 813) in which the Court of Appeals determined a charter amendment controversy which involved injunctive relief in a proceeding under subdivision (3) of section 330 of the Election Law. The petition before the court raises questions other than procedural. It alleges inter alia that the proposed amendment is unconstitutional and is contrary to the provisions of the Taylor Law which is a general law of the State of New York. As to the later contention of the petition the court determines that all of the contentions must abide the event of the election.
It is further determined that any question raised as to certification pursuant to section 24 of the Municipal Home Rule Law is without merit. This certificate substantially complies with section 24 of the Municipal Home Rule Law.
It is further determined that the petitioner herein is time-barred. Section 24 explicitly provides that any written objec *747 tions must be made to a Supreme Court Justice within 30 days. More than 30 days had elapsed before this proceeding was commenced. The petitioner cannot claim lack of notice, even if excusable neglect was subject to the court’s discretion, as the record is replete with actual notice to the petitioner. If such written objections had been proffered the court could have heard and determined that aspect in the manner as prescribed by section 335 of the Election Law. (Municipal Home Rule Law, § 24.)
The respondents Board of Elections and Common Council did not submit any answer or affidavit. The County Attorney appeared for the Board of Elections. There were no other appearances except by the petitioner, respondent, Uniformed Firemen’s Association of Troy, and Thomas H. Brown, City Clerk, City of Troy, pro se.
The prayer for a temporary or permanent injunction is denied.
The petition is dismissed.